Good morning, Your Honors. I'm Jeff Daniels from the Office of the Federal Defender in Sacramento on behalf of Mr. Jordan. This case is back after a remand from the Supreme Court through this court for reconsideration by the district judge in light of Booker, which was decided while Mr. Jordan's case was still pending but after he'd been sentenced. When the case did go back to the district court, the court reimposed sentence utilizing guidelines which did include and were based on judicially determined drug quantities so that the consideration of 3553A factors, which the court acknowledged it now had to do in a different way, was done in the context of drug quantities which required a sentence in excess of the statutory maximum in a single count. That's what I don't understand. Can you spell out simply for me how you get there? I get there by the computed drug quantities all applied to the conspiracy count. There was an indeterminate quantity that underlay the attempt. The attempt charge was based on what was found on the day the search warrant was executed. There was some indeterminate quantity present that apparently was in the process of being manufactured. The third count was a maintaining of place, which independently has no quantity attached to it. It refers, has a cross reference to the quantity underlying a substantive offense. So my point is that all the quantity applied to the conspiracy count and was double used in the additional count. That's where I, I mean, I'm sorry to be obtuse about it. That's why I just wanted you to try to walk me through it, because I don't get that. I don't think the district court did either. I mean, it was perfectly proper on the conspiracy count, right? Yes. And so how does it somehow become improper? Well, with respect to the conspiracy count, the quantity exceeded the maximum sentence, right? The Supreme Court said in Apprendi, well, let me, let me try it this way. I'm sorry. I read Apprendi, Blakely, and Booker as standing for the proposition that you cannot sentence somebody in excess of a statutory maximum unless the jury participated in the findings of the quantity. And I also read it to say that in this case, a sentence in excess of 20 years is an end run around that, because it does utilize quantities which exceed the statutory maximum and they exceed the statutory maximum. It wasn't charged in the indictment. Juries didn't participate in it. And even the rules under the guidelines don't allow, call or allow for consecutive sentence for just no reason at all. Okay. So is your primary squawk with the consecutive sentence? Well, that's a fair question from my brief. When we motored this, I had to rethink that, that there's not a constitutional argument that consecutive sentences are improper. My primary squawk is that each of the three times he was sentenced and each of the first two times it came through this Court, what was approved was imposing consecutive sentences to reach the guidelines. And the guidelines were driven by a quantity not charged, not found by a jury. That's my squawk. What's wrong with that? I think it violates the promise of the demand of Booker and Blakely that juries participate in that decision at that level. Up to 20 years is one crime. When you go beyond 20 years, you're talking about, in drug cases, an aggravated form of the offense driven solely by quantity. The way the guidelines work, it's no different whether you have three counts or one count. You aggregate.  You see, that's what I just don't understand. If there's nothing unconstitutional about consecutive sentences. In the abstract. The biggie here was the conspiracy count. Right. So then you impose a consecutive sentence on a different count, which is also appropriate under Booker. It doesn't in and of itself go beyond the statutory maximum on that count. And if I get your argument, you're saying it only does because the biggie was the conspiracy count was all driven by the conspiracy count, and therefore somehow because you couldn't exceed the statutory maximum of the conspiracy count, the Court made an end run around that by consecutively imposing sentence. All right. Let me try it this way. Okay. On the conspiracy count, they found a drug quantity that went over the maximum. They took some of those same drugs. Some of those same drugs are possibly an indeterminate amount, are maybe relevant to the attempt, but none of them are relevant separately to the maintaining a place count. So they've used the same quantity of drugs that violated Booker over here and tried to get around Booker by moving them to count. Now, the judge never explicitly did that. There is no independent finding incorporated into the sentencing proceeding that made that happen. That's a question not decided by the district court. Between the government's brief, some statements at sentencing, and my submissions down below, there's a difference of opinion about what quantity of drugs might be relevant to any count other than the conspiracy. That's, I think, an unresolved question with different answers in different parts of the record. So the complaint, then, is that they have, in effect, violated Booker by extracting the judge from where it can't be used and tried to use it in an indeterminate way and in a way that's not consistent with the guidelines to reach a guideline sentence. Now, with respect to review after what the judge has done this time, I think the landscape has also changed somewhat by the recent decisions in Kimbrough and Gall. Because in Kimbrough, when they talked about the crack cocaine guidelines, they noted that they weren't driven by empirical evidence, which is a sentencing commission's forte. It was slaved to the mandatory minimum quantities in the statute. The same is true of methamphetamine. They also said in Gall that in reviewing deviations or variations from the guidelines that the further one went from the guidelines, the more might be expected in the way of analyzing whether it was reasonable to do that. Neither of those decisions were available to the court. None of its reasoning tracked what was said in Gall and Kimbrough. So I don't think that the record before you permits you or gives you a full record so that you can engage in reasonableness review, as is now contemplated under the guidelines. I'll reserve the remainder of my time for rebuttal if there's anyone. Ms. Thomas. Good morning, Your Honors. Jill Thomas for the United States. The district court did not abuse its discretion and fashioned a reasonable sentence, and he fashioned a sentence that was sufficient but not greater than necessary for this defendant. It was the right sentence. He fashioned a sentence to include 360 months, 240 count, 240 months for count one, 60 months for count two, and 60 months for count three running consecutively. There was nothing improper about running those sentences together. In fact, if he wanted to, he could have sentenced this defendant to 60 years in prison because that was the statutory max on each count. Nothing about the sentences violates Apprendi, Booker, Kimbrough, or Gall. Why? Because each sentence is within the statutory maximum, and the district court judge sentenced the defendant after considering all of the 3553 factors. And you have enough information, and you have the Kimbrough and Gall cases that allow you to make a finding that the district court did not abuse its discretion in sentencing this defendant. In fact, in Kimbrough, it states the sentencing judge, on the other hand, is in a superior position to find facts and judge their import under 3553, 3553A in each particular case. And that's exactly what the district court judge in this case did. In fact, he made a very clear and thorough record. He spoke in the excerpt of records on page 31 that he was taking a fresh look at 3553, that the sentence would be the same based on his fresh look, nonetheless. He considered the drug quantity. And in this case, the drug quantity was based on five different estimates. Two experts. There were precursor chemicals, unlike the Chase case that was cited in the 28J letter. It had 16 gallons of mixture methamphetamine found at the premises. They actually found methamphetamine at this particular location, unlike the Chase case where they found no methamphetamine at the Twilight location. The district court judge considered the defense argument at sentencing, considering the defendant's characteristics, his age, his current behavior in jail. He listened to the defendant allocute and was not impressed by the defendant's allocution. And he commented heavily upon that. He said in the excerpt of records that the defendant perjured himself. He was the trial judge, and he listened to the defendant's testimony. He considered all the encompassing factors from the government's position. And he touched on 3553A1, 2A, and B, spoke about the seriousness of the offense, the impact on victims, and the uniformity and deterrence issues. And with that, Your Honors, if you do not have any other further questions, the government submits. I don't think so. Thank you. Thank you very much. Very briefly, Your Honor, with respect to the findings of quantity, the findings of quantity that were in the pre-sentence report were not unchallenged. The district court denied a hearing on that. From the evidence available, there were he was alerted by my papers and by my objections that we challenged the claim that there was, that the liquids that they found were waste, which we claim they were, it was not shown they were not waste from unsuccessful cooks rather than partially cooked stuff, in which case, arguably, they wouldn't count. The pre-sentence report counted separate precursors individually when they, in the process, they have to be combined. The pre-sentence report referred to some quantities as pure when they were mixtures. One of them was particularly the 349 grams, which is mentioned in this Court's opinion in the first case. So I don't think that's true. So what standard do we review that? The failure to give a hearing? No, on the finding of the Court with regard to amounts. Well, currently, it's did he reasonably apply? But it's not reasonable, I don't think, to deny a hearing in the face of allegations that the items in the pre-sentence report are inaccurate. So, but I do assume that's part of your reasonableness standard that's still being fleshed out. Thank you. Okay, thank you. Counsel, the matter just argued will be submitted and the Court will stand in recess for the day. All rise. Go behind me. Thank you. This Court, for this session, stands adjourned.
judges: Hug, Rymer, Rawlinson